SILLS CUMMIS & GROSS P.C.
Scott D. Stimpson (*pro hac vice* to be submitted)
Katherine M. Lieb
Tod Melgar (*pro hac vice* to be submitted)
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000

SILLS CUMMIS & GROSS P.C.
Michael J. Pisko
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Plaintiff*
  *IPT LLC d/b/a Paylock IPT LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IPT LLC d/b/a PAYLOCK IPT LLC, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | |
| PROFESSIONAL ACCOUNT MANAGEMENT, LLC, | : | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Defendant. | : | Jury Trial Demanded |
| | : | |

Plaintiff IPT LLC d/b/a Paylock IPT LLC ("Paylock"), for its Complaint against Defendant Professional Account Management, LLC ("PAM"), alleges as follows:

## THE PARTIES

1. Paylock is a Delaware limited liability company with its principal place of business at 205 West Main Street, 4th Floor, Somerville, NJ 08876.

2.  On information and belief, PAM is a Wisconsin limited liability company with its principal place of business at 633 W. Wisconsin Avenue, Suite 1600, Milwaukee, Wisconsin 53203.

## JURISDICTION AND VENUE

3.  Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338, and this action arises under the patent laws of the United States (35 U.S.C. § 100, *et seq.*).

4.  This Court has personal jurisdiction over PAM at least because, on information and belief, PAM among other things, has a substantial presence within this judicial district including by selling and/or offering for sale products and services in this judicial district, including but not limited to selling and/or offering to sell its services to municipalities in this district.

5.  Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and/or 1400(b).

## THE PATENTS-IN-SUIT

6.  United States Patent No. 7,988,046 ("the '046 Patent"), entitled "Vehicle Violation Enforcement System and Method," was duly and legally issued by the United States Patent and Trademark Office on August 2, 2011, and is still in full force and effect.

7.  Paylock is the owner of the '046 Patent, a true and correct copy of which is attached hereto as Exhibit A.

8.  United States Patent No. 7,950,570 ("the '570 Patent"), entitled "Parking Environment Management System and Method," was duly and legally issued by the United States Patent and Trademark Office on May 31, 2011, and is still in full force and effect.

9.  Paylock is the owner of the '570 Patent, a true and correct copy of which is attached hereto as Exhibit B.

2

## FACTS COMMON TO ALL CLAIMS

10. Paylock repeats and realleges the allegations of paragraphs 1-9 of the Complaint as if set forth fully herein.

11. On information and belief, PAM has contacted multiple municipalities in the United States with the intent of engaging in booting operations, and has been successful in obtaining booting operations for at least the City of New Orleans (the "City").

12. On or about May 16, 2014, PAM entered into a Professional Services Agreement with the City for "Curbside Management & Enforcement: Parking Ticket Processing" (the "Agreement"), a true and correct copy of which is attached as Exhibit C.

13. Pursuant to Section I(B)(6) of the Agreement, PAM is "directly responsible for the performance of all services and activities required by this Agreement, including all services and activities of its subcontractors in the performance of this Agreement."

## INFRINGEMENT OF U.S. PATENT NO. 7,988,046

14. Paylock repeats and realleges the allegations of paragraphs 1-13 of the Complaint as if fully set forth herein.

15. Pursuant to the terms of the Agreement, through its agents, employees, subcontractors, and servants, PAM has knowingly, intentionally, and willfully infringed at least claim 1 of the '046 Patent. This infringement occurred at least under 35 U.S.C. § 271(a) and/or (b).

16. On information and belief, PAM, either alone, or in concert with its subcontractors and/or the City and through agreements, contracts, agency, and/or joint enterprise, practiced each and every element of at least claim 1 of the '046 Patent. Accordingly, PAM directly infringed the '046 Patent under 35 U.S.C. § 271(a).

17. On information and belief, PAM is alternatively liable pursuant to 35 U.S.C. § 271(b) for inducing the direct infringement of the City. The City directly infringed the method contained in claim 1 vicariously through PAM's actions, and by means of divided infringement.

18. On information and belief, at least in connection with the knowledge of its parent company Duncan Solutions ("Duncan") and/or by competing with PayLock and others for booting operations, PAM was aware of the '046 patent, or willfully blind to the '046 patent. On information and belief, Duncan was aware, at least as early as 2010, of patents owned by PayLock, emphasizing such in conjunction with joint efforts with PayLock to secure business involving self-release booting operations.

19. On information and belief, PAM possessed a specific intent to induce infringement, by engaging in affirmative acts such as by (i) selling and offering for sale the infringing booting operations, and (ii) contracting with others and instructing others in connection with the infringement.

20. On information and belief, PAM's infringement of the '046 Patent has been willful and wanton.

21. As a result of PAM's infringement of the '046 Patent, upon information and belief, PAM has made and will continue to make unlawful gains and profits.

22. Paylock has been and will continue to be substantially and irreparably harmed by PAM's infringement of the '046 Patent.

### INFRINGEMENT OF U.S. PATENT NO. 7,950,570

23. Paylock repeats and realleges the allegations of paragraphs 1-22 of the Complaint as if set forth fully herein.

24.     Pursuant to the terms of the Agreement, through its agents, employees, subcontractors, and servants, PAM has knowingly, intentionally, and willfully infringed at least claim 9 of the '570 Patent. This infringement occurred at least under 35 U.S.C. § 271(a) and/or (b).

25.     On information and belief, PAM, either alone, or in concert with its subcontractors and/or the City through agreements, contracts, agency and/or joint enterprise, practiced each and every element of at least claim 9 of the '570 Patent. Accordingly, PAM directly infringed the '570 Patent under 35 U.S.C. § 271(a).

26.     On information and belief, PAM is alternatively liable pursuant to 35 U.S.C. § 271(b) for inducing the direct infringement of the City. The City directly infringed the method contained in claim 9 vicariously through PAM's actions, and by means of divided infringement.

27.     On information and belief, PAM, at least in connection with the knowledge of its parent company Duncan and/or by competing with PayLock and others for booting operations, was aware of the '570 patent, or willfully blind to the '570 patent. On information and belief, Duncan was aware, at least as early as 2010, of patents owned by Paylock, emphasizing such in conjunction with joint efforts with PayLock to secure business involving self-release booting operations.

28.     On information and belief, PAM possessed a specific intent to induce infringement, by engaging in affirmative acts such as by (i) selling and offering for sale of infringing booting operations, and (ii) contracting with others and instructing others in connection with the infringement.

29.     PAM's infringement of the '570 Patent has been willful and wanton.

30. As a result of PAM's infringement of the '570 Patent, upon information and belief, PAM has made and will continue to make unlawful gains and profits.

31. Paylock has been and will continue to be substantially and irreparably harmed by PAM's infringement of the '570 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Paylock prays for relief as follows:

A. A judgment that PAM has infringed the '570 and '046 Patents;

B. A judgment that PAM's acts of infringement have been willful, knowing, and in deliberate disregard of Paylock's patent rights, and awarding Paylock enhanced damages under 35 U.S.C. § 284;

C. A judgment preliminarily and permanently enjoining and restraining PAM, its officers, directors, agents, servants, employees, affiliates, attorneys, and all others in active concert or participation with PAM, from infringing the '570 and '046 Patents, under 35 U.S.C. § 283;

D. A judgment awarding Paylock its damages, but not less than a reasonable royalty, resulting from PAM's infringement, under 35 U.S.C. § 284;

E. A judgment awarding Paylock its costs and disbursements incurred in prosecuting this action as authorized by Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and/or 35 U.S.C. § 285;

F. A judgment awarding Paylock its attorneys' fees incurred in prosecuting this action as authorized by 35 U.S.C. § 285 for an exceptional case;

G. A judgment awarding Paylock pre- and post-judgment interest on any monetary award; and

H. Such other relief as the Court may deem just, equitable, and proper under the circumstances.

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000

By: s/ Katherine M. Lieb
SCOTT D. STIMPSON (*pro hac vice* to be submitted)
KATHERINE M. LIEB
TOD MELGAR (*pro hac vice* to be submitted)

SILLS CUMMIS & GROSS P.C.
Michael J. Pisko
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Plaintiff*
*IPT LLC d/b/a Paylock IPT LLC*

Dated: August 25, 2016

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff IPT LLC d/b/a Paylock IPT LLC demands a trial by jury as to all issues so triable in this action.

                                                SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000

By:    s/ Katherine M. Lieb
         KATHERINE M. LIEB

*Attorneys for Plaintiff*
*IPT LLC d/b/a Paylock IPT LLC*

Dated: August 25, 2016

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy stated herein is not the subject of any other action pending in any court or of any pending arbitration proceeding, except for an action pending in the United States District Court for the Eastern District of Louisiana, captioned *SP Plus Corporation v. IPT, LLC d/b/a Paylock*, Civil Action No. 2:16-cv-2474. There are two parties to this action: SP Plus Corporation and IPT LLC d/b/a Paylock IPT LLC (improperly named as "IPT, LLC d/b/a/ Paylock").

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                SILLS CUMMIS & GROSS P.C.
                101 Park Avenue, 28th Floor
                New York, New York 10178
                (212) 643-7000

By:    s/ Katherine M. Lieb
        KATHERINE M. LIEB

*Attorneys for Plaintiff*
*IPT LLC d/b/a Paylock IPT LLC*

Dated: August 25, 2016

## CERTIFICATION OF NON-ARBITRABILITY
## PURSUANT TO LOCAL RULE 201.1(d)

Pursuant to L. Civ. R. 201.1, I hereby certify that the within matter is not arbitrable, being that the Complaint includes non-monetary relief, and the damages potentially recoverable in this matter exceed the sum of $150,000, exclusive of interest and costs and of any claim for punitive damages.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000

By:     s/ Katherine M. Lieb
        KATHERINE M. LIEB

*Attorneys for Plaintiff*
*IPT LLC d/b/a Paylock IPT LLC*

Dated: August 25, 2016